UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANNAMALAI  ANNAMALAI also known as SWAMIJI SRI SELVAM, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:17-cv-00274-WTL-MJD |
| vs. | ) ) | |
| KATHERINE  SEIREVELD, STEPHEN  COPE, T. C. BROWN, | ) ) ) ) | |
| Defendants. | ) | |

**Entry Dismissing Amended Complaint as Frivolous and Malicious
And Directing Entry of Final Judgment**

**I.  Background**

This action was removed from Vigo County Superior Court to this Court on June 14, 2017, on the basis, among others, that the individual federal employees were acting within the scope of their employment at the time the claims arose. 28 U.S.C. § 2679(d)(2). In the Entry of June 20, 2017, docket 5, the Court screened the complaint in accordance with 28 U.S.C. § 1915A(b). The Court dismissed a number of parties and noted that some claims were misjoined.

Plaintiff Annamalai Annamalai was directed to file an amended complaint which included only claims against Katherine Siereveld, Steven Cope, and Todd Brown. Dkt. No. 5. The plaintiff was also directed to report whether he has brought the same claims against these defendants in other cases, and if so to report with specificity the case names and numbers and district in which they were brought.

The plaintiff was formerly incarcerated at the Terre Haute FCI. He is currently confined at the Atlanta United States Penitentiary. He alleges that he is a Hindu high priest. The Court takes judicial notice of the fact that the plaintiff was a "former leader of a defunct Hindu Temple in Georgia, [and] was sentenced to more than 27 years' imprisonment by the United States District Court for the Northern District of Georgia following his conviction on multiple counts of bank fraud, tax fraud, bankruptcy fraud, and obstruction of justice. *See United States v. Annamalai,* No. 1:13-cr-437 (N.D. Ga. July 16, 2015)." *Annamalai v. Sivanadiyan,* No. 4:17-0025, 2017 WL 633490 (S.D. Tex. Feb. 15, 2017). The plaintiff has also filed more than 60 lawsuits in federal courts and 40 state court cases. *Id.* In addition, he has "struck out" by having filed more than three frivolous federal lawsuits. *Id.* He has been declared a vexatious litigant at a minimum in Texas state courts and by the Northern District of Georgia. *Id.*

## II. Screening

The plaintiff filed an amended complaint on November 13, 2017. The Court now screens the amended complaint pursuant to 28 U.S.C. § 1915A, under which the Court must dismiss any complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, the plaintiff names the following defendants: 1) Katherine Seireveld, 2) Stephen Cope; 3) Todd C. Brown; 4) Kathleen Kenny (allegedly an attorney for the Bureau of Prisons ("BOP")); 5) Ashok Annamalai ("Ashok"); 6) Jeffrey E. Kruger; and 7) Steven Julian. Defendants Seireveld, Cope, Brown, Kenney, Kruger and Julian are alleged to be BOP employees. Dkt. No. 1-2. Ashok is a resident of Texas and is not an employee of the BOP. The plaintiff seeks compensatory and punitive damages.

As noted, the Court has already given the plaintiff one opportunity to file an amended complaint. The Court, fully aware of the plaintiff's abusive litigation history, will show no further leniency in determining whether a viable claim has been presented in this case.

The Court previously told the plaintiff not to bring again any claim against Ashok because it was misjoined. Dkt. No. 5. Undeterred, the plaintiff again brings a state law breach of contract claim against Ashok, an alleged citizen of Texas. This fits the plaintiff's pattern of abusive, wasteful litigation. The claim against Ashok is dismissed not only as misjoined but because it is a state law claim. The Court lacks subject matter jurisdiction over such claim. 28 U.S.C. § 1367(a).

The claims asserted against the BOP defendants are for breach of express and implied contract. The plaintiff was put on notice that any tort claim brought against BOP employees should be brought against the United States of America, dkt. 1, but he failed to do so in his amended complaint. "The only proper defendant in a [Federal Tort Claim Action] FTCA action is the United States." *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008); 28 U.S.C. § 2679(b). There is no FTCA cause of action against individual employees. *Id.* The United States is not included as a defendant in this case, and therefore any FTCA claim is **dismissed without prejudice for failure to state a claim upon which relief can be granted.** *See Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (Noting that the composition and content of a complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue.").

The Court chooses to also discuss the state law claims on the merits, however, because changing the defendant will not render the claims viable. The plaintiff's rationale that an "implied contract" exists is based on "judicial admissions given by each party."  Dkt. No. 51, p.

8. The "admissions" upon which the plaintiff relies were allegedly made during discovery in the Vigo County case, 84D06-1705-CT-003620, filed on May 22, 2017, which was this case prior to its removal here on June 14, 2017.

As part of the breach of contract claims, the plaintiff demands that the Court "order the defendants to specifically perform every one of the 'monetary' aspect(s) of the deemed admisions [sic] towards the plaintiff…." Dkt. No. 51, p. 13. The plaintiff's exhibits to the amended complaint include a cover letter dated May 23, 2017, serving requests for admissions under Rule 36 of the *Federal Rules of Civil Procedure.* Dkt. No. 51-1, pp. 5, 7. The requests for admissions themselves are not part of this record. Nonetheless, there are no plausible circumstances under which an unspecified request for admission could form the basis of a claim for breach of contract for monetary gain against any BOP employee defendant in this action. This is merely another attempt at a fraudulent scheme that the plaintiff seems unable to cease no matter how severely he is punished criminally or sanctioned civilly. The breach of contract claims are **dismissed for failure to state a claim upon which relief can be granted and as frivolous and malicious.**

To the extent the plaintiff attempts to also bring a claim alleging that the defendants have "acted in concert with the RICO Enterprise known as the Counter Terrorism Unit," such claim is **summarily dismissed as frivolous.**

The entire premise of the plaintiff's amended complaint is malicious and frivolous. This action will not consume any more of the Court's resources.

## III. Conclusion

For the reasons discussed in this Entry, this action is **dismissed with prejudice** for failure to state a claim upon which relief can be granted and as frivolous and malicious. 28 U.S.C. § 1915A. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/22/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANNAMALAI  ANNAMALAI
56820-379
USP Atlanta
Inmate Mail/Parcels
P.O. BOX 150160
Atlanta, GA 30315

Electronically registered counsel